UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TYRONE NOBLE, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| vs. | ) CAUSE NO. 3:07-CV-553RM |
| | ) |
| BRETT MIZE, | ) |
| | ) |
| Respondent | ) |

OPINION AND ORDER

Tyrone Noble was charged with being one of eight people who tried to rob a drug house in Hammond, Indiana on February 17, 1997. Daniel Bennett was shot and killed during the course of that robbery. A jury found Mr. Noble guilty of felony murder. The Indiana Court of Appeals affirmed both his conviction and the denial of his petition for post-conviction relief. He seeks a writ of habeas corpus from this court, arguing that the trial court denied him his right to present a defense by striking his untimely notice of alibi, and that his trial counsel provided ineffective assistance of counsel by failing to file a timely notice of alibi.

The alibi notice played a central role in both of Mr. Noble's trips to the Indiana Court of Appeals. On direct appeal, the court of appeals concluded that there was no error in striking the notice of appeal because the evidence the defense wanted to present wasn't really an alibi. Mr. Noble's grandmother was the "alibi" witness. Mr. Noble's counsel told the trial court that the witness would testify simply that she lived with Mr. Noble at a specific address located about twenty minutes from the scene of the murder. She would not, the trial court was

told in the pretrial hearing, testify that Mr. Noble was at home (or any place else in particular) when the robbery and murder were taking place. The court of appeals reasoned that evidence that didn't place Mr. Noble somewhere other than the crime scene wasn't alibi evidence, so there was no error in striking the admittedly untimely alibi notice.

The alibi notice had been filed too late under IND. CODE 35-36-4-1(b), Mr. Noble argues (correctly, the court assumes, since no one has challenged his assertion), because his first trial attorney had neglected to file it within the statutory time despite Mr. Noble's requests that he do so. Mr. Noble says he wrote to the state trial court about these problems when they were occurring.

Mr. Noble's claim that his first trial attorney provided ineffective assistance of counsel when he ignored Mr. Noble's requests that he file a timely notice of alibi was among the issues taken up on post-conviction relief. The Indiana Court of Appeals noted the opinion issued on direct appeal, found that Mr. Noble had given the court no reason to reconsider the previous conclusion that this was no alibi, and found no ineffective assistance of counsel.

In this court, Mr. Noble presents both of these claims, though he now dresses in federal constitutional clothing the claim that the trial court shouldn't have stricken the notice of alibi. The case takes an unusual procedural turn because the respondent expressly disagrees with the state courts' holding that the grandmother's testimony wasn't an alibi. The respondent argues that what made the evidence relevant (if anything), it was the implied inference that Mr. Noble was

at the home he shared with his grandmother during the crime.

Mr. Noble never presented to the state courts his federal constitutional argument concerning the trial court's striking of his notice of alibi defense. His argument to the Indiana Court of Appeals was grounded entirely in Indiana law. One seeking federal habeas corpus must "present his federal claims to the state courts in accordance with the state's procedural requirements so that the state courts have a meaningful opportunity to correct any mistakes." Curtis v. Montgomery, 552 F.3d 578, 582 (7th Cir. 2009). "The argument must be placed in the petitioner's brief to the court". Sturgeon v. Chandler, 552 F.3d 604, 610 (7th Cir. 2009); *see also* Anderson v. Benik, 471 F.3d 811, 815 (7th Cir.2006).

Mr. Noble's state appeal didn't present a federal constitutional argument on the striking of the notice of alibi. The court of appeals decided the issue on Indiana law. Federal habeas corpus focuses on federal rights. Because Mr. Noble didn't exhaust his state remedies with respect to that federal constitutional claim, and hasn't shown cause for not having exhausted those remedies, he cannot get federal habeas relief on that ground. Crockett v. Hulick, 542 F.3d 1183, 1192-1193 (7th Cir. 2008).

Mr. Noble presented his ineffective assistance of counsel claim to the Indiana courts in his post-conviction relief petition. To prevail on that claim, Mr. Noble must persuade the court that his attorney's performance was deficient, meaning that his attorney's work fell outside the wide range of reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984).

3

There is force to the idea that failure to file a timely notice of known alibi evidence is constitutionally deficient. Mr. Noble's case, though, founders on the issue of whether his grandmother's testimony was known — within the time allowed for notice of alibi evidence — to be alibi evidence. Whether evidence amounts to "alibi evidence" within the meaning of the Indiana notice statute is a matter of state law, and to date, six judges of the Indiana Court of Appeals have concluded that the grandmother's anticipated testimony was not "alibi evidence" within the meaning of the Indiana statute.

It isn't for this court to say those judges were wrong and respondent's counsel is right. In the first place, a federal habeas court must defer to the state court's findings and constructions of state law unless they are unreasonable. Yarborough v. Alvarado, 541 U.S. 652, 664 (2004); Cocoran v. Buss, 551 F.3d 703, 708-709 (7th Cir. 2008). The court can't say that the Indiana Court of Appeals was unreasonable in deciding that the proffered evidence — essentially Mr. Noble's living arrangements — wasn't the sort of evidence to which IND. CODE 35-36-4-1(b) is directed. Second, and more important for Strickland purposes, this court can't say that attorney conduct based on an understanding of Indiana law shared by two panels of the Indiana Court of Appeals falls outside the wide range of reasonable professional assistance.

Lurking behind these arguments is the grandmother's statement during an in-trial proffer that Mr. Noble was with her at the time of the robbery and the murder. But no one has suggested that Mr. Noble's attorney knew, or had any

4

reason to know, that she would so testify, either before the statutory deadline for an alibi notice or when the prosecution moved to strike Mr. Noble's untimely notice. It would hard be call an attorney deficient for failing to filing a timely notice specifying an intent to present evidence not known to exist and, in any event, no such argument was presented to the Indiana Court of Appeals.

For the foregoing reasons, the court DENIES the petition for writ of habeas corpus.

ENTERED:  March 2, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court